## THE STATE, JACOB T. SHARP, PROSECUTOR, v. CHARLES W. CASPER, COLLECTOR.

The residence required by the tax law of 1866, (*Nix. Dig.* 951,) to make one liable to a personal tax in a particular township or ward, is precisely the same in kind as that which will entitle him to vote there.

---

On *certiorari.*    In matter of taxation.

Argued at June Term, 1873, before Justices BEDLE, SCUDDER and WOODHULL.

For the prosecutor, *A. H. Slape* and *F. F. Westcott.*

For the defendant, *M. P. Grey.*

The opinion of the court was delivered by

WOODHULL, J.    The prosecutor having been assessed for taxes in the West ward of the city of Salem, for the year 1871, seeks to have the assessment set aside for several reasons, the first and principal one being that he was not, at any time during the year 1871, a resident of the city of Salem, and did not, during that year, own any real estate there.

A very large proportion of the tax complained of was assessed on personal property, namely, certain bonds supposed to belong to the prosecutor, and amounting to $50,000, which, for the purposes of this case, may be assumed to be the true amount of his taxable personal property.

The sixth section of the act, approved April 11th, 1866, provides that the tax on personal property shall be assessed upon each inhabitant liable to a personal tax, in the township or ward where he resides, on the day prescribed by law for commencing the assessment in each year.

The character of the residence here intended, is fixed by the word inhabitant. The meaning of this word, as used in the act, does not differ materially, if at all, from its ordinary and popular signification.

One who has an actual, but merely temporary residence in a place, is not, in any proper sense, an inhabitant of that place.

An inhabitant of a township or ward is one who has his domicile there, his fixed habitation and home, from which he has no present intention of removing. *State* v. *Ross*, 3 *Zab.* 517 ; *Story on Const. Law*, §§ 41, 43.

The residence, then, required by the act to make one liable to a personal tax in a particular township or ward, is precisely the same in kind as that which will entitle him to vote there. *Cadwalader* v. *Howell et al.*, 3 *Harr.* 138.

From the evidence submitted to the court in this case, I am satisfied that Dr. Sharp, the prosecutor, had no such residence in the city of Salem at any time during the year 1871.

The only evidence which seems at all opposed to this conclusion, is a letter addressed, late in the summer of 1871,

by the prosecutor, to Mr. Rusling, since deceased, at that time the assessor of the said West ward, in Salem. This letter, it is urged on the part of the defendant, amounts to a conclusive admission by the prosecutor, that with his own knowledge and consent, he had been, in fact, assessed for the year 1871, as a resident of that ward. It must be admitted, that there are some expressions in the letter which, unexplained, would go far to justify the inferences drawn from them by the defendant's counsel.

Writing under date of August 25th, the prosecutor says to Mr. Rusling: "I gave you some bonds to be assessed, when I saw you in Salem," &c.; and again: "Can you not be so kind as to cross off my name as to bonds, and oblige yours," &c.

It cannot be wondered at, that from such language as this there should be drawn very strong inferences against the present insistment of the prosecutor. And yet, to my mind, his explanation of these apparently damaging expressions, is full and entirely satisfactory. He states, that in the spring or early summer of 1871, while on a visit to his son, a practising physician in the city of Salem, he was strongly urged by him to change his residence from Cumberland to Salem, and that he had serious thoughts of doing so, and, in fact, had almost made up his mind to do it; that being in this frame of mind, and engaged in conversation with his son upon this very subject of a change of residence, Mr. Rusling, happening to be near, was called by his son to join them, and was informed by him, that his father, the prosecutor, was about to change his residence to the city of Salem, and if he did so, should be assessed there for his personal property; that although he, the prosecutor, did, in the course of that interview, give in certain bonds to Mr. Rusling, he did it with no purpose or expectation that he would be assessed for them in Salem, unless the change of residence, which he had been thinking of, should be carried into effect; and that his plan of moving to Salem from Cumberland, was never consummated. The statements of the prosecutor are corrobo-

---

rated in all material points by the testimony of his son, Dr. Edward S. Sharp; and they satisfy me, beyond a doubt, that the prosecutor was not liable to a personal tax in the city of Salem, for the year 1871.

I infer, also, from the testimony, that the prosecutor did not, during that year, own any real estate in the city of Salem.

The assessment must, therefore, be set aside.

: Reversed June Term, 1874—Court of Errors.